FILED
CLERK, U.S. DISTRICT COURT

MAY 29 2013

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD DEPIRO, et al.,<br><br>Defendants. | Case No. CV 13-3444<br><br>(PROPOSED)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court summarily remands this unlawful detainer action to state court because Defendant removed it improperly.

On May 14, 2013, Defendant Michael Depiro, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal ("Notice") of the action to this Court with attached exhibits (including a Complaint for Unlawful Detainer) ("Notice Ex. A"), and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

///

Simply stated, Plaintiff Federal Home Loan Mortgage Corporation could not have brought this action in federal court in the first instance, in that no basis for original federal jurisdiction appears from the complaint, and the Notice of Removal does not competently allege facts supporting either diversity or federal-question jurisdiction; Therefore, removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 563 (2005). Specifically, citizenship of the parties is unclear from the pleadings; and even if there was complete diversity of citizenship, the amount in controversy alleged does not exceed the diversity-jurisdiction threshold of $75,000 (*i.e.*, the amount in demand allegedly "[d]oes not exceed $10,000"). (Notice Ex. A at 1); see 28 U.S.C. §§ 1332, 1441(b). In any event, Defendant could not properly remove the action on the basis of diversity jurisdiction because he resides in California, the forum state. See 28 U.S.C. § 1441(b)(2).

Nor does Plaintiff's unlawful detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b). Plaintiff alleges only a claim for post-foreclosure unlawful detainer, a California state law action, Cal. Code Civ. P. § 1161a. See Wescom Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010) ("[A California] unlawful detainer action does not arise under federal law."). Although Defendant attempts to raise a federal question based on his defense asserted in Plaintiff's unlawful detainer action (Notice at 2-3), removal jurisdiction cannot be based upon a defendant's defenses or counterclaims. See Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) ("[A] case may *not* be removed to federal court on the basis of a federal defense"); see also Wescom Credit Union, 2010 WL 4916578 at *2 (federal defense to unlawful detainer action provided by Protecting Tenants at Foreclosure does not support federal question jurisdiction).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Los Angeles County Superior Court, Van Nuys Courthouse East, 6230 Sylmar Avenue, Van Nuys, CA 91401, for lack of subject matter jurisdiction pursuant to

28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 5/21/13

_____
HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by

_____/s/_____

Honorable Jacqueline Chooljian
UNITED STATE MAGISTRATE JUDGE